Pennsylvania Labor Relations Board, Appellant, *v.* Columbia Hospital, Appellee.

Argued May 6, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Forest N. Myers,* with him *James F. Wildeman, Raymond W. Cromer, James L. Crawford, Anthony J. Molloy,* and *Roger M. Simon,* for appellant.

*Robert H. Shoop, Jr.,* with him *Carl H. Hellersteadt, Jr.,* and *Thorp, Reed & Armstrong,* for appellee.

OPINION BY JUDGE BLATT, September 12, 1975:

This appeal follows an order of the Court of Common Pleas of Allegheny County, entered May 30, 1974, sustaining an appeal filed by the Columbia Hospital (Columbia) from a final order of the Pennsylvania Labor Relations Board (PLRB) dated October 12, 1973.

On December 24, 1971, the International Union of Operating Engineers, Local 95, had filed a representation petition with the PLRB seeking certification as the exclusive bargaining representative of twelve persons employed in Columbia's Engineering/Maintenance Department. On September 18, 1972, after a hearing, the PLRB ordered an election to be held among the employees of the proposed bargaining unit. At the election held on October 6, 1972, a majority of those eligible to vote voted eight to three for representation by the petitioning union. On July 5, 1973, the PLRB issued a Nisi Order of Certification, made final after a hearing on October 12, 1973, certifying the International Union of Operating Engineers, Local 95, as the exclusive bargaining representative of the engineering and maintenance employes.

Pursuant to the Public Employe Relation Act (Act 195),[1] Columbia appealed the PLRB's final order to the

---

1. Section 1502 of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, *as amended,* 43 P. S. §1101.1502.

Court of Common Pleas of Allegheny County asserting that the bargaining unit as certified by the PLRB lacked the required identifiable community of interest separate from other non-professional employees and that its certification will lead to the prohibited condition of an over-fragmentization of units. See Section 604 of Act 195, P. S. §1101.604. With a very thorough opinion by Judge POPOVICH, the court below sustained Columbia's appeal and reversed the PLRB Order of Certification. The PLRB has now appealed to this Court.

The concepts of "community of interest" and "over-fragmentization" were recently discussed in *Western Psychiatric Institute and Clinic of the University of Pittsburgh of the Commonwealth System of Higher Education v. Pennsylvania Labor Relations Board,* 16 Pa. Commonwealth Ct. 204, 330 A.2d 257 (1974) ; and *Allegheny General Hospital v. The Pennsylvania Labor Relations Board,* 14 Pa. Commonwealth Ct. 381, 322 A.2d 793 (1974). While the latter case in which the prohibited conditions were found to exist, is in many respects very similar to the one at hand, in most respects it is so substantially dissimilar as to be legally distinguishable. All of these cases, therefore, can be said to confirm the positions of the court below as to these concepts. We must, however, dispose of this action on other grounds.

Subsequent to the filing of this appeal with this Court, Congress amended the federal Labor-Management Relations Act, 29 U. S. C. §141 et seq., to include nonprofit hospitals, such as Columbia, within the coverage of the Federal Act effective August 26, 1974. Columbia now argues, therefore, that the appeal is moot because the Federal Act now divests both the PLRB and this Court of continued jurisdiction. It cites the National Labor Relations Board preemption doctrine established in *Guss v. Utah Labor Relations Board,* 353 U.S. 1 (1957) and again in *San Diego Building Trades Council v. Garmon,* 359 U. S. 236 (1959).

In *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board*, 17 Pa. Commonwealth Ct. 91, 330 A.2d 264 (1975), we discussed in detail the application of the preemption doctrine to actions still pending before the PLRB. In general, we held that where an obligation to bargain pursuant to a PLRB order had accrued and remained in effect prior to the effective date of the federal amendments, it would survive the amendments and be enforceable because the purpose for the preemption doctrine would not be furthered in such a case. Each case, of course, must be evaluated upon its own facts. In *Albert Einstein*, the Court of Common Pleas of Philadelphia County on October 15, 1973 had affirmed an Order of the PLRB certifying the Professional Pharmacists Guild of Delaware Valley as the bargaining representative of pharmacists at the Albert Einstein Medical Center. The obligations which had accrued from the PLRB order, therefore, were still viable, while pending our review on the date that the federal amendments became effective. In the instant case, however, the Court of Common Pleas of Allegheny County had reversed the PLRB Order of Certification thereby at least vitiating temporarily the viability of any obligations which otherwise would have accrued pursuant to that order. Moreover, in this case, subsequent to the order of the lower court and prior to argument before this Court, the Service Employees' International Union Hospital Workers Local 585, AFL-CIO had filed a representation petition with the NLRB seeking certification as the exclusive bargaining representative of various hospital employees including those herein involved. The NLRB had ordered an election for January 31, 1975, the final outcome of which is apparently still pending NLRB review and action. We believe, therefore, that the circumstances here are sufficiently dissimilar from those in *Albert Einstein* that this Court cannot sanction the continuing jurisdiction of the PLRB here, for it would result in a

clear interference with an ongoing representation proceeding before the NLRB. State action in such circumstances must be subordinated. We believe that the National Labor Relations Act preempts continuing state jurisdiction over this case and the appeal by the Pennsylvania Labor Relations Board is dismissed.