In the Matter of the Employees of Harrisburg Hospital (Mental Health Center). Harrisburg Hospital, Appellant.

Argued March 1, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,

JR., MENCER and BLATT. Judge ROGERS did not partici-
pate.

*Jonathan L. Alder*, with him *Peter D. Post*, and *Reed, Smith, Shaw & McClay*, for appellant.

*Forest N. Myers*, Assistant Attorney General, with him *James F. Wildeman*, Assistant Attorney General, for Pennsylvania Labor Relations Board.

*Stephen A. Sheller*, with him *Eric B. Chaikin*, and *Pechner, Dorfman, Wolffe & Rounick*, for Pennsylvania Social Services Union.

OPINION BY JUDGE BLATT, May 26, 1976:

This appeal is from an order of the Court of Common Pleas of Dauphin County, entered August 21, 1975, dismissing an appeal by the Harrisburg Hospital (Hospital) from the final order of the Pennsylvania Labor Relations Board (PLRB) dated July 11, 1974.

Pursuant to a representation petition filed with the PLRB, an election was held among various professional and non-professional employes of the hospital which resulted in the PLRB determining an appropriate unit

of said employes, holding an election and ordering the certification of the Pennsylvania Social Services Union (PSSU) as the bargaining representative of that unit. The Hospital contested the certification, its primary allegation being that the unit certified by the PLRB was not appropriate, and it thereby exhausted its administrative remedies with the PLRB. An appeal was then taken pursuant to the Public Employe Relations Act[1] (PERA) to the Court of Common Pleas of Dauphin County where the PLRB's order was sustained. An appeal to this Court was taken pursuant to the Appellate Court Jurisdiction Act of 1970.[2] Motions to quash the appeal were filed by both the PSSU, on October 17, 1975, and the PLRB, on November 7, 1975. The issue presented by these motions is whether or not this Court now lacks jurisdiction of this appeal as a result of recent amendments to the federal Labor Management Relations Act, 1947, 29 U.S.C. §141, et seq., signed into law on July 26, 1974 and effective August 26, 1974.[3]

While this matter was pending, the PSSU filed a petition with the NLRB to be certified as the sole collective bargaining representative for the unit of professional and non-professional employes of Harrisburg Hospital previously designated by the PLRB as appropriate and for which the PSSU received state certification as exclusive bargaining representative. The NLRB took jurisdiction of the petition (Case No. 4-RC-11426) and, on September 30, 1975, granted comity to the certification

---

1. Act of July 23, 1970, P. L. 563, *as amended*, 43 P. S. §1101. 101, et seq.

2. Section 402(3) of the Act of July 31, 1970, P. L. 673, *as amended*, 17 P. S. §211.402(3).

3. Argument was scheduled and held March 1, 1976 on both the motions to quash and the merits, but, inasmuch as we have granted the motions to quash, we do not, of course, reach the merits.

of PSSU by the PLRB, according to the PLRB certification the same effect as that of a NLRB certification.[4]

We believe that our decision in *Pennsylvania Labor Relations Board v. Columbia Hospital*, 21 Pa. Commonwealth Ct. 236, 344 A.2d 740 (1975) controls here. In that case, the union had been certified by the PLRB, that certification had been reversed by the appropriate common pleas court and an appeal to this Court followed. During the pendency of these actions, the union had filed a representation petition with the NLRB seeking certification as the exclusive bargaining representative for the same unit of hospital employes as had been originally certified by the PLRB and an election had been scheduled by the NLRB, the outcome of which was not known at the time of the decision. We held

> "[t]hat this Court cannot sanction the continuing jurisdiction of the PLRB here, for *it would result in a clear interference with an ongoing representation proceeding before the NLRB*. State action in such circumstances must be subordinated. We believe that the National Labor Relations Act preempts continuing state jurisdiction over this case and the appeal by the Pennsylvania Labor Relations Board is dismissed."
>
> *Columbia Hospital, supra,* 21 Pa. Commonwealth Ct. at 239-240, 344 A.2d at 742. (Emphasis added.)

Here, the NLRB has taken jurisdiction and, in fact, has acted by certifying the PSSU. The Supreme Court of the United States has provided that when an action is subject to the jurisdiction of the NLRB, the mere availability of federal jurisdiction is sufficient to delineate "areas of conduct which must be free from state regulation if national policy is to be left unhampered." *San*

---

4. The appellant here, Harrisburg Hospital, has filed an appeal from the NLRB's certification in the appropriate federal arena.

*Diego Building Trades Council v. Garmon*, 359 U. S. 236, 246-247 (1959) ; *See Guss v. Utah Labor Relations Board*, 353 U. S. 1 (1957).

Our previous decision in *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board*, 17 Pa. Commonwealth Ct. 91, 330 A.2d 264 (1975) is distinguishable because of the lack there of NLRB involvement.[5]

We believe, therefore, that the state jurisdiction in this matter has been federally preempted[6] and issue the following

ORDER

AND, NOW, this 26th day of May, 1976, the appellees' motions to quash are granted and the appeal of the Harrisburg Hospital is dismissed.

---

5. We held in *Einstein* that because the representation petition was filed

"in September 1971 and the order by the PLRB certifying . . . the bargaining representative was made final in October of 1972, nearly two years prior to the federal amendments . . . [and] . . . [t]he PLRB's order was sustained by the lower court at least ten months prior to the effective date of these amendments . . . [that] . . . the action was so far along in the review process prior to the effective date of the amendments which will henceforth divest the state of its jurisdiction in these cases that the National Labor Relations Board preemption clearly does not apply here." *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board*, 17 Pa. Commonwealth Ct. at 97, 330 A.2d at 267.

6. The NLRB preemption doctrine is fully established in *Guss v. Utah Labor Relations Board*, 353 U. S. 1 (1957) and *San Diego Building Trades Council v. Garmon*, 359 U. S. 236 (1959).