Albert Einstein Medical Center, Northern Division *v.* Pennsylvania Labor Relations Board and Pennsylvania Nurses Association. Albert Einstein Medical Center, Northern Division, Appellant. (2 Cases)

Submitted on briefs, March 9, 1976, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Howard R. Flaxman,* with him *William A. Whiteside, Jr., and Nathan L. Posner,* for appellant.

*James F. Wildeman,* Assistant Attorney General, with him *Forest N. Myers,* Assistant Attorney General, and *Anthony J. Molloy, Jr.,* Assistant Attorney General, for appellee.

Opinion by Judge Blatt, September 21, 1976:

Before us is a motion filed on behalf of the Pennsylvania Labor Relations Board (PLRB) seeking to quash appeals taken from decisions of the Court of Common Pleas of Philadelphia County which affirmed two final orders of the PLRB certifying the Pennsylvania Nurses Association (PNA) as the exclusive bargaining representative of two nursing units at the Albert Einstein Medical Center, Northern Division (Einstein). The PLRB asserts that recent amendments to the federal Labor-Management Relations Act, 29 U.S.C. §141 et seq., preempt continuing appellate review of these prior PLRB certifications,

442

and asks us, therefore, to quash these appeals by Einstein.

As of August 26, 1974, the federal amendments here involved brought nonprofit hospitals, such as Einstein, within the coverage of national labor relations law and policy. In our recent decisions, found at *In re Employees of Harrisburg Hospital,* 24 Pa. Commonwealth Ct. 634, 358 A.2d 134 (1976); *Pennsylvania Labor Relation Board v. Columbia Hospital,* 21 Pa. Commonwealth Ct. 236, 344 A.2d 740 (1975); and *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board,* 17 Pa. Commonwealth Ct. 91, 330 A.2d 264 (1975), we have confronted some of the transitional problems involved with these federal amendments as they relate to review of certification orders by the PLRB. What emerges as the import of these cases is that state appellate review will be exercised to examine bargaining unit certification orders which have been issued by the PLRB prior to the date when federal coverage took affect so long as the National Labor Relations Board (NLRB) has not docketed or entertained consideration of any representation proceeding by the same group of employees involved in the PLRB certification. *Compare, Albert Einstein Medical Center, supra,* with *Harrisburg Hospital, supra,* and *Columbia Hospital, supra.* In such cases we see no inherent conflict with federal policy resulting from our review of PLRB certifications because our review is limited to a consideration of the validity of the certification at a time when federal law and policy did not apply. As a result, it would seem that, unless the NLRB has chosen to or has been asked to consider whether or not a bargaining unit certified by the PLRB is appropriate an exhaustion of state appellate remedies would not interfere with the federal jurisdiction over nonprofit hospital labor relationships.

Nevertheless, as we indicated in our prior decisions, we must examine each case to determine the propriety of continued state jurisdiction and we observe from the record here that the two contested certification orders of the PLRB had been made on July 11, 1974, shortly before the effective date of the federal amendments. Furthermore, we note that there is no evidence of record that the NLRB has entertained consideration of any representation proceeding concerning the employees here involved. What distinguishes this case from our prior cases in *Harrisburg Hospital, supra, Columbia Hospital, supra,* and *Albert Einstein Medical Center, supra,* however, is the fact that here the PNA has filed a charge before the NLRB asserting that Einstein had committed an unfair labor practice by refusing to bargain with the unit as certified by the PLRB. Curiously, the NLRB has held action on that charge in abeyance pending the final outcome of the appeals now before us. In our view it does not appear that the filing of such a charge enables the NLRB to consider the appropriateness of the bargaining unit as certified and in view of the apparent willingness of the NLRB to defer action on that charge pending the exhaustion of these state court proceedings, it would not seen that our continued jurisdiction over the instant appeals would interfere with the federal labor jurisdiction. Our consideration of the instant appeals, therefore, does not violate the preemption doctrine. The motion to quash the appeals now before us is denied.

## ORDER

AND Now, this 21st day of September, 1976, the motion filed on behalf of the Pennsylvania Labor Relations Board to quash the appeals in the above captioned cases is hereby denied.

Judge Crumlish, Jr. concurs in the result only.

Judge Kramer did not participate in the decision in this case.