Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board v. Allegheny General Hospital, Appellant. (In the Matter of the Employees of Allegheny General Hospital)

Argued May 4, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*W. McC. Miller, Jr.*, with him, of counsel, *Kirk-
patrick, Lockhart, Johnson & Hutchison*, for appellant.

*Raymond W. Cromer*, with him *James L. Crawford*,
and *Forest N. Myers*, for appellee.

OPINION BY JUDGE BLATT, July 12, 1977:

The Allegheny General Hospital (Hospital) ap-
peals to this Court from an order of the Court of Com-
mon Pleas of Allegheny County which dismissed the

Hospital's petition for review of the Pennsylvania Labor Relations Board's (PLRB) refusal to consider a motion to vacate a prior PLRB order.

The PLRB, in its order dated November 6, 1972, certified Local 95-95A of the International Union of Operating Engineers, AFL-CIO (Union), as the exclusive collective bargaining representative for certain service and maintenance employes of the Hospital. Both the court of common pleas and this Court affirmed the PLRB order, and our Supreme Court denied the Hospital's petition for allocatur.[1] Subsequently, the Hospital filed a motion with the PLRB, termed a Motion to Vacate Order Because of Lack of Jurisdiction, and requested that the certification order be vacated because certain amendments to the Labor Management Relations Act, 1947, 29 U.S.C. §141 et seq., had extended the National Labor Relations Board's (NLRB) jurisdiction to include labor relationships involving nonprofit hospitals. These amendments became effective after this Court's decision on the certification but prior to the Supreme Court's denial of allocatur. When the PLRB refused to accept jurisdiction of the Hospital's motion, the Hospital appealed the refusal to the court of common pleas. The lower court dismissed the Hospital's petition for review on the ground that it had no jurisdiction to review the PLRB's decision, and the Hospital has now appealed to us.

Crucial to our decision here is the fact that the NLRB has assumed jurisdiction over an unfair labor practice charge brought by the Union alleging that the Hospital has refused to engage in collective bargaining with the Union as the employe representative cer-

---

[1] *Allegheny General Hospital v. Pennsylvania Labor Relations Board*, 14 Pa. Commonwealth Ct. 381, 322 A.2d 793 (1974), (allocatur denied).

tified by the PLRB. In a decision[2] by Administrative Law Judge JAMES M. FITZPATRICK, this unfair labor practice charge was dimissed and the Judge specifically held that comity should *not* be accorded the PLRB certification. Although this decision has been appealed to the NLRB, it is clear that jurisdiction of the matter now lies with the NLRB and not with the PLRB. The doctrine of federal preemption as it applies to matters of representative certification has been explained by this Court in *Pennsylvania Labor Relations Board v. Columbia Hospital,* 21 Pa. Commonwealth Ct. 236, 239-40, 344 A.2d 740, 742 (1975), where the NLRB had ordered a new certification election:

> [T]his Court cannot sanction the continuing jurisdiction of the PLRB here, for it would result in a clear interference with an ongoing representation proceeding before the NLRB. State action in such circumstances must be subordinated.

The circumstances here are unlike those in *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board,* 26 Pa. Commonwealth Ct. 440, 363 A.2d 1333 (1976), in which the NLRB had pending before it an unfair labor practice charge but had not acted on that charge in any way determinative of the certification issue. Moreover, in *Albert Einstein, supra,* the state appellate process had not been completed, but it has been here.

We believe that the initiation of NLRB proceedings which resulted in a specific determination regarding the granting of comity to the PLRB certification preempts continuing jurisdiction by our state labor board. The PLRB properly concluded that it had no juris-

---

[2] National Labor Relations Board, Case No. 6-CA-8026, decision dated September 8, 1975.

diction to entertain the Hospital's motion to vacate the PLRB order, and the decision of the lower court is therefore affirmed.

## ORDER

AND Now, this 12th day of July, 1977, the order of the Court of Common Pleas of Allegheny County, dismissing the appeal of the Allegheny General Hospital, is hereby affirmed.